IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00207-CR

 

Jimmy Parr,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2003-667-C2

 



      ABATEMENT
ORDER










 

            Jimmy Parr was convicted of robbery on
December 1, 2004.  The Court of Criminal Appeals granted Parr an
out-of-time appeal pursuant to his application for writ of habeas corpus. 
Counsel for Parr then timely filed a notice of appeal for Parr.  He requested
and was granted one extension to file his brief.

         
Counsel now files a “Motion to Withdraw as Appellate Counsel.”  Counsel
alleges that Parr is dissatisfied with counsel’s representation.  Although the
title of the motion might suggest that this court is being asked to decide the
withdrawal issue, the motion properly requests abatement so that the trial
court can consider the merits of the motion, and if granted, to also consider
the substitution or appointment of other counsel for this appeal.

         
Because counsel is appointed, the trial court must decide whether to allow
counsel to withdraw and whether to allow the substitution of counsel.  See
Enriquez v. State, 999 S.W.2d 906, 907-908 (Tex. App.—Waco 1999, order),
overruled on other grounds, Meza v. State, 206 S.W.3d 684 (Tex. Crim.
App. 2006).  The motion requesting abatement is granted.

            This case is abated to the
trial court to hold a hearing within 30 days from the date of this order to
consider counsel’s motion to withdraw and for substitution and the appointment
of new counsel for Parr.  If Parr desires to waive his right to counsel
and represent himself on appeal, the waiver should be made knowingly and
intelligently and he should be warned of the dangers and disadvantages
accompanying such waiver.  Faretta v. California, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975); Hatten v. State, 71 S.W.3d 332,
333 (Tex. Crim. App. 2002).  A waiver of the right to counsel must be in
writing and must substantially comply with article 1.051(g) of the Code of
Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005).  

         
Supplemental Clerk’s and Reporter’s Records are ordered to be filed within 45
days from the date of this order.

 

                                                                  
                 PER CURIAM

 

Before
Chief Justice Gray,

         
Justice Vance, and

         
Judge Anderson[1]

Motion
granted; appeal abated

Order
issued and filed November 21, 2007

Do
not publish









[1] Ken
Anderson, Judge of the 277th District Court of Williamson County, sitting by
assignment of the Chief Justice of the Texas Supreme Court pursuant to section
74.003(h) of the Government Code.  See Tex.
Gov't Code Ann. § 74.003(h) (Vernon 2005).